UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LINDA K. UNDERWOOD )
 )
v. ) NO. 2:04-CV-443
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Linda K. Underwood has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Underwood was born in 1948 and was 54 years old at the time of her administrative hearing. [Tr. 17, 40]. She completed seventh grade and has relevant past work experience as a furniture factory sander. [Tr. 17]. Ms. Underwood alleges she is disabled as of June 15, 1991, from arm pain and numbness, diverticulitis, endometriosis, fainting spells with temporary blindness, fatigue, bowel and urinary incontinence, depression, anxiety, and panic attacks. [*Id.*]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge

[ALJ] found that Ms. Underwood was not disabled as defined by the Social Security Act. [Tr. 19].

At Ms. Underwood's administrative hearing held on July 30, 2003, the testimony of Ms. Underwood and vocational expert Jane Hall was received into evidence. [Tr. 273-88]. Ms. Underwood testified she last worked in 2002 at a wood factory sanding and finishing tables. [Tr. 273]. She explained she is unable to work now because she has pain and numbness in her arms, her bowels are incontinent, and she experiences dizzy spells and anxiety. [Tr. 274-75].

Vocational expert Jane Hall testified next. [Tr. 282-88]. She categorized Ms. Underwood's past relevant work as a sander in a furniture factory as semiskilled and light work and her work as a clothes packer as unskilled and medium work. [Tr. 284]. The ALJ then asked the vocational expert to consider a person of Ms. Underwood's age, education, and past relevant work history who complains of urinary and bowel incontinence, numbness of the arms and legs, periods of dizziness and fainting, anxiety, and depression. [Tr. 285]. Although such a person does not have any exertional limitations, she should avoid hazards, high stress jobs, and working with the public. [Tr. 286]. The vocational expert testified a person with those characteristics could perform Ms. Underwood's past relevant work as a factory furniture sander and a clothes packer. [*Id.*].

2

The ALJ ruled that Ms. Underwood was not disabled because her severe impairments of anxiety, depression, and borderline intellectual functioning were not severe enough for a finding of disability. [Tr. 19]. The ALJ then determined Ms. Underwood retained the residual functional capacity [RFC] to perform work at all exertional levels, with the limitations of only simple tasks, avoidance of work hazards, no high stress positions, and no direct working with the general public. [Tr. 22]. Finally, with those restrictions, the ALJ found Ms. Underwood could return to her past jobs as a furniture factory sander and a clothes packer. [*Id.*].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Underwood requests summary judgment and challenges the ALJ's finding

3

that she could return to her past relevant work as a furniture factory sander and a clothes packer. Specifically, Ms. Underwood argues that the vocational expert's testimony at her administrative hearing did not constitute substantial evidence that she could perform her past work, and the ALJ failed to properly evaluate the physical and mental demands of her past relevant work.

Ms. Underwood argues the hypothetical asked of the vocational expert was incomplete because it did not include the diagnoses made of Ms. Underwood by a post-administrative hearing examiner. At the suggestion of the ALJ, Ms. Underwood was examined by licensed psychological examiner Pamela Branton, M.S. [Tr. 243-49]. In Ms. Branton's opinion, Ms. Underwood suffered from borderline intellectual functioning and a personality disorder. [Tr. 249]. Ms. Underwood's claims are unpersuasive, however, because the question asked of the vocational expert did ask her to consider Ms. Underwood's level of education as well as her anxiety and depression and her inability to work with the public and in high stress positions. [Tr. 285-86].

Ms. Underwood also claims the ALJ did not properly evaluate the physical and mental demands of her past relevant work as a furniture factory sander.[1] To the

---

[1] Ms. Underwood is correct when she states that the ALJ erred when he determined her past relevant work included her work as a clothing packer in March 1980. This work was too far removed from the present to be considered past

4

contrary, the ALJ was aware because of the testimony of the vocational expert that the sander used in this type of work was not hazardous and that Ms. Underwood's past work there was considered semi-skilled and light on the exertion scale.  It would appear to this court that the ALJ was very much aware of the demands of Ms. Underwood's past relevant work.

Ms. Underwood also claims the ALJ failed to evaluate her impairments in combination.  Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments.  *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The ALJ referred to Ms. Underwood's impairments three times in his decision.  [Tr. 19, 22].  The ALJ focused Ms. Underwood's RFC on her urinary and bowel incontinence, numbness in her arms and legs, periods of dizziness and fainting, anxiety, and depression.  [Tr. 22].  Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Underwood's complaints of urinary and bowel incontinence, numbness of the arms and legs, periods of dizziness and fainting, anxiety, and depression as well as her need to avoid hazards, high stress jobs, and

---

relevant work.  However, the ALJ's error was harmless because he also found she could return to her past relevant work as a furniture factory sander.

5

working with the public. [Tr. 285-86]. Based on the Sixth Circuit framework, the ALJ considered Ms. Underwood's impairments in combination.

After careful consideration of the entire record of proceedings related to this case, Ms. Underwood's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

    ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                    SENIOR U. S. DISTRICT JUDGE